UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRUZ COUSE,

                Plaintiff,

v.                                                 1:16-CV-0110
                                                        (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS         PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.            ELIZABETH ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

      This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 12.) This case has proceeded in accordance with General Order 18.

      Currently before the Court, in this Social Security action filed by Cruz Couse ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 10, 11.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

I.  RELEVANT BACKGROUND

    A.  Factual Background

Plaintiff born in 1990. (T. 30.) He received a GED. (T. 31.) Generally, Plaintiff's alleged disability consists of back injury and migraine headaches. (T. 151.) His alleged disability onset date is September 30, 2008. (T. 147.) He has no past relevant work. (T. 22.)

    B.  Procedural History

On November 28, 2012, Plaintiff applied for a period of child insurance benefits under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 131.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 14, 2014, Plaintiff appeared before the ALJ, Robert Wright. (T. 27-56.) On May 29, 2014, ALJ Wright issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-26.) On December 2, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-4.) Thereafter, Plaintiff timely sought judicial review in this Court.

    C.  The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-23.) First, the ALJ found that Plaintiff had not attained age 22 as of September 30, 2008, his alleged on set date and had not engaged in

substantial gainful activity since that date. (T. 18.) Second, the ALJ found that Plaintiff had the severe impairments of obesity and degenerative disc disease of the lumbar spine. (*Id.*) The ALJ determined that Plaintiff's history of hypertension, headaches, and injuries to the ankles and shoulders were non-severe impairments. (T. 18-19.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 19.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform unskilled light work, except Plaintiff was limited to no more than occasional stooping or crawling, and must be allowed to change positions between sitting and standing approximately every hour in order to alleviate pain. (T. 19.)[1] Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 22-23.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ erred in determining that Plaintiff's headaches were not severe and did not cause more than minimal limitations in his ability to perform basic work activities. (Dkt. No. 10 at 3-6 [Pl.'s Mem. of Law].)

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.957(b).

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues substantial evidence supports the ALJ's step two finding that Plaintiff's headaches did not constitute a severe impairment. (Dkt. No. 11 at 5-11 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

    **A.   The ALJ's step two determination**

At step two of the sequential evaluation process, the ALJ must determine whether Plaintiff has a severe impairment that significantly limits his physical or mental ability to do basic work activities. *See* C.F.R. §§ 404.1520(c), 416.920(c).  Plaintiff bears the burden of presenting evidence establishing severity. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Miller v. Comm'r of Social Sec.,* No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).  Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel,* No. 97-CV-5759, 1999 WL 294727, at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987)).

In addition, "[w]here an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis."  *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb.18, 2010); *Lasiege v. Colvin*, No. 12-CV-01398, 2014 WL 1269380, at *10-11 (N.D.N.Y. Mar. 25, 2014); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. § 404.1523, 416.923

(stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). It has been well established that "[b]ecause step two merely serves as a filter to screen out *de minimis* disability claims, a finding of any severe impairment, whether attributable to a single condition or a combination of conditions, is enough to satisfy its requirements." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 593 (S.D.N.Y. 2014) (citing *Fortier v. Astrue*, No. 10-CV-01688, 2012 WL 3727178, at *9 (D. Conn. May 11, 2012)).

Here, the ALJ determined that Plaintiff's headaches were a non-severe impairment. (T. 18.) The ALJ reasoned that none of Plaintiff's treating sources attributed limitations based on headaches and treatment notations indicated that Plaintiff's headaches were controlled with medication. (T. 18-19.) The ALJ also noted that Plaintiff did not mention headaches as an impairment during his consultative exam. (T. 19.)

Plaintiff argues that the ALJ erred in his determination that Plaintiff's headaches were non-severe because the record indicated that the impairment lasted more than twelve months and caused more than minimal limitations. (Dkt. No. 10 at 3 [Pl.'s Mem. of Law].) Plaintiff sets forth a list of treatment notations noting a history of headaches, complaints of headaches, and medications. (*Id.* at 3-6.)

As stated, although Plaintiff was diagnosed and treated for headaches, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, itself, sufficient to deem a condition severe. *McConnell v. Astrue,* 2008 WL 833968, at *2 (N.D.N.Y.2008) (citing *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y.1995)).

To be sure, the record, as outlined in Plaintiff's brief, contains notations that Plaintiff received treatment and medication for his headaches. (Dkt. No. 10 at 3-5 [Pl.'s Mem. of Law].) However, treatment records indicated that Plaintiff's headaches were adequately controlled with medication. (T. 235, 237, 239, 302, 304, 306, 309.) Plaintiff testified at the hearing that his

7

back pain prevented him from working; however, there was no mention of headaches. (T. 39.) Further, as noted by the ALJ, Plaintiff did not complain of headaches to the consultative examiner in January of 2013. (T. 19, referring to T. 266.)

Plaintiff further failed to show that his headaches caused any limitations. Although Plaintiff argues that his headaches resulted in "more than minimal limitations" he did not specifically allege what those limitations were, nor did he provide any evidence in the record of limitations. (Dkt. No. 10 at 3-6 [Pl.'s Mem. of Law].) Plaintiff bears the burden at step two of the sequential process and here Plaintiff has failed to prove that his headaches are a severe impairment. 20 C.F.R. §§ 404.1512(a), 416.912(a); *see Taylor,* 32 F.Supp. at 265.

Plaintiff appears to argue that his headaches would result in being absent from work twice a month. (Dkt. No. 10 at 6 [Pl.'s Mem. of Law].) However, Plaintiff does not cite to evidence in the record, and indeed there is none, that support this assertion.

Although Plaintiff was diagnosed and received treatment for his headaches, the medical record failed to support any limitations due to headaches. Therefore, for the reasons stated herein, and further outlined in Defendant's brief, it is recommended that the ALJ's step two determination be upheld because the ALJ did not err in his conclusion that Plaintiff' headaches were a non-severe impairment.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health*

*and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 20, 2017

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge